UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEMARKAS MARSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15CV228 ACL |
| | ) |
| NICOLE GREEN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Having reviewed the complaint, the Court finds that it fails to state a claim upon which relief can be granted. As a result, this action is dismissed without prejudice.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff sues Nicole Green, the Jail Administrator for the Dunklin County Jail, for inadequate supervision of the Jail. Plaintiff alleges that Green approved meal loaf for his meals, that she allowed him to be in the drunk tank for four days without a blanket or mat, that she "approved for inmates not to use the telephone or take a shower," that he was "denied medical attention," that an unnamed officer strapped him to a chair for several hours, that a correctional officer let a female inmate have intercourse with the trustee, and that Green disposed of his grievances.

## Discussion

Plaintiff did not specify whether he is suing defendant in her official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted. Moreover, the Court notes that it previously warned plaintiff that if he did not sue Green in her individual capacity, that this action might be dismissed.

To state a claim for unconstitutional prison conditions, a pretrial detainee must show that (1) the conditions of confinement posed a substantial risk of serious harm and (2) that the prison officials knew of but disregarded, or were deliberately indifferent to, plaintiff's health and safety. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). Plaintiff did not allege that being fed meal loaf or being placed in the drunk tank placed him in substantial risk of harm or that the risk was disregarded. Consequently, these claims do not state a claim for relief.

Plaintiff's allegations regarding Green approving that inmates not take showers or use the phone are too vague and unspecific to state a claim under § 1983. He does not allege that he was denied these things or that, if so, he was harmed in any way.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In his claim that he was denied medical treatment, plaintiff does not allege that he suffered from a serious need or that anyone disregarded the need. Therefore, this claim does not rise to the level of plausibility required by *Iqbal*.

Plaintiff's allegations regarding the actions of the unnamed correctional officers do not implicate liability against Green under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Finally, plaintiff's claim that Green disposed of his grievances does not state a claim for relief. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

For these reasons, this action is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 28th day of December, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE